UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHRIS ZACHARIAS,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>DOC OF THE SOUTH DAKOTA STATE PRISON; CLAY JESSIE HIGH WOLF,<br><br>　　　　　　　Defendants. | 4:24-CV-04011-LLP<br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, DENYING PLAINTIFF'S OTHER VARIOUS MOTIONS, AND 1915A SCREENING FOR DISMISSAL |

Plaintiff, Chris Zacharias, an inmate at the South Dakota State Penitentiary, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. Zacharias filed a motion for leave to proceed in forma pauperis and provided his prisoner trust account report. Docs. 2, 7. He also filed a motion to appoint counsel. Doc. 3. He filed a motion for a video hearing and a motion for leave to be transferred to the county jail in Pierre, South Dakota. Doc. 8.

**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The Court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

1

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A)  the average monthly deposits to the prisoner's account; or
(B)  the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Zacharias filed a motion to proceed in forma pauperis. Doc. 2. His prisoner trust account report shows his average monthly deposits to be $0.00 and his average monthly balance as $0.00. Doc. 7 at 1. Based on this information, the Court grants Zacharias leave to proceed in forma pauperis.

In order to pay his filing fee, Zacharias must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure.

The clerk of the Court will send a copy of this order to the appropriate financial official at plaintiff's institution. Zacharias will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997).

## 1915A SCREENING

I.  **Factual Background**

Zacharias claims that another inmate, Clay Jessie High Wolf, assaulted him with a South Dakota Department of Corrections (DOC) tablet. Doc. 1 at 1–3. High Wolf's assault caused Zacharias to receive a bruise and a gash in his leg. *Id.* The DOC allegedly refused to get

2

Zacharias an officer in charge or medical attention. *Id.* Zacharias seeks $10.5 billion and $10.5 million in monetary damages and asks this Court to drop his state criminal charges so he can return to his family. *Id.* at 3–4; Doc. 8 at 1.

## II.     Legal Background

The court must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory"). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant

who is immune from such relief." 28 U.S.C. § 1915A(b). The Court will now assess each individual claim under 28 U.S.C. § 1915A.

## III. Discussion

### A. Claims Against the DOC

Zacharias sues the DOC, which is an arm of the State of South Dakota. Doc. 1 at 1; SDCL § 1-15-1.2. The State of South Dakota is generally immune from suit. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989). The Supreme Court has explained that Congress, in passing 42 U.S.C. § 1983, did not abrogate states' Eleventh Amendment immunity from suit in federal court. *Id.* at 66 (citations omitted). "Eleventh Amendment immunity extends to states and arms of the state[.]" *Thomas v. St. Louis Bd. of Police Comm'rs*, 447 F.3d 1082, 1084 (8th Cir. 2006) (internal quotation omitted). The State of South Dakota has not waived its sovereign immunity. Thus, Zacharias's claims against the DOC are barred by the Eleventh Amendment and are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### B. Claims Against High Wolf

Zacharias sues High Wolf, a fellow inmate at the SDSP. Doc. 1 at 1–3. Section 1983 allows a plaintiff to sue state actors for deprivation of rights, privileges, or immunities secured by the Constitution and federal laws. 42 U.S.C. § 1983. Fellow inmates are not state actors under § 1983. *See Morgan v. Francis*, 2022 WL 2354950, at *5 (E.D. Mo. June 30, 2022) (citing *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008)); *Lightfeather v. Prey*, 2022 WL 625151, at *3 (D. Neb. Mar. 3, 2022) (collecting case). Thus, Zacharias has failed to state a federal claim.

Even liberally construing Zacharias complaint as alleging a state-law tort claim against High Wolf, Zacharias's complaint is dismissed. Zacharias has not met the burden of proving

4

diversity jurisdiction because he has not alleged that he and High Wolf are citizens of different states. *See* Doc. 1. *See also Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977) ("With respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead, he retains the domicile he had prior to his incarceration." (citations omitted)). Thus, because Zacharias has not alleged a basis for this Court to have jurisdiction over his claims against High Wolf, Zacharias's claims against High Wolf are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1).

## IV.    Strike

The Court finds that Zacharias's complaint fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). But "[d]ismissals based on immunity are not the type of dismissals listed as strikes in [§] 1915(g)[.]" *Castillo-Alvarez v. Krukow*, 768 F.3d 1219, 1220 (8th Cir. 2014) (per curiam) (citing *Byrd v. Shannon*, 715 F.3d 117, 125–27 (3d Cir. 2013)). In *Byrd*, the Third Circuit Court of Appeals explained that § 1915(g) "requires that a prisoner's entire action or appeal be dismissed on enumerated grounds in order for the dismissal to count as a strike." 715 F.3d at 125. Thus, because *Castillo-Alvarez* cites *Byrd* with approval, this Court will follow the rule set out in *Byrd*. *See Castillo-Alvarez*, 768 F.3d at 1220 (citing *Byrd*, 715 F.3d at 125–27).

Zacharias's complaint is dismissed in part because the DOC is immune from suit under the Eleventh Amendment. Thus, under *Castillo-Alvarez*, this dismissal of Zacharias's complaint does not constitute a strike.

## VARIOUS MOTION

Zacharias filed a motion to appoint counsel (Doc. 3), a motion for a hearing (Doc. 8), and a motion for leave to be transferred to the county jail in Pierre, South Dakota (Doc. 8). Because Zacharias's complaint is dismissed, Zacharias's various motions are denied as moot.

## CONCLUSION

Accordingly, it is ORDERED:

1. That Zacharias's motion to proceed in forma pauperis, Doc. 2, is granted.

2. That the clerk of the Court will send a copy of this order to the appropriate financial official at plaintiff's institution.

3. That the institution having custody of Zacharias is directed that whenever the amount in Zacharias's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Zacharias's trust account shall be forwarded to the U.S. District Court Clerk's Office under to 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid.

4. That Zacharias's claims against the DOC are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. That Zacharias's claims against High Wolf are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1).

6. That Zacharias's motion to appoint counsel, Doc. 3, is denied as moot.

7. That Zacharias's motion for a hearing, Doc. 8, is denied as moot.

8. That Zacharias's motion for leave to be transferred to the county jail in Pierre, South Dakota, Doc. 8, is denied as moot.

DATED July 3, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK